UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 17-00104 SI-1 |
| Plaintiff, | ) ) ) | **ORDER RE EX PARTE MOTION FOR LIMITED WAIVER AND OTHER RELIEF** |
| v. | ) ) | |
| ANDRE MITCHELL BROWN, | ) ) | |
| Defendant. | ) ) ) | |

On March 25, 2019, the government filed an ex parte motion seeking a limited waiver of the defendant's attorney-client privilege for purposes of opposing defendant's Motion to Vacate Conviction, Set Aside, or Correct a Sentence By A Person in Federal Custody (Dkt. No. 68) (hereinafter "Motion"). The Court finds that by filing the Motion, defendant Andre Mitchell Brown has raised claims of ineffective assistance of counsel that the United States cannot fully respond to without the requested waiver of the attorney-client privilege.

ORDER
CR 17-00104 SI-1

Accordingly, the Court ORDERS:

(a) defendant has waived the attorney-client privilege in limited part, as to the allegations relating to counsel in the Motion as detailed herein;

(b) that the United States is entitled to inquire of and obtain declarations from defense counsel Ellen Leonida as to the representation of defendant in the captioned case, on the following subject areas; and that Ms. Leonida is ordered to provide the United States with any correspondence, e-mails, notes, or other materials in her possession that relate to any of the following subject areas:

> 1. What discussion occurred between defendant and defense counsel regarding defendant's decision to enter into the plea agreement in this case and regarding defendant's sentencing exposure if defendant did or did not enter into the plea agreement;
>
> 2. Whether defense counsel was prepared to advocate for defendant's interests at the time of sentencing; and
>
> 3. What discussions, if any, occurred between defendant and defense counsel concerning the filing of an appeal in this matter;

(c) that the United States is precluded from using the privileged information and material for any purpose other than litigating the instant Motion; and

(d) that the United States may not disclose these materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the Motion.

Furthermore, the Ninth Circuit Court of Appeals has held that when a defendant alleges ineffective assistance of counsel and calls his attorney's advice and counsel into question, that defendant has necessarily waived the attorney-client privilege and a "court must impose a waiver [of the privilege] no broader than needed to ensure the fairness of the proceedings before it . . . [but] the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Bittaker v. Woodford*, 331 F.3d 715, 720–21 (9th Cir. 2003) (en banc).

Accordingly, the Court FURTHER ORDERS that defendant may mail a notice that defendant wishes to preserve the attorney-client privilege by abandoning defendant's ineffective assistance of

ORDER
CR 17-00104 SI-1

counsel claims and withdrawing the Motion. That notice must be sent by April 22, 2019. If no such notice is sent, defendant's attorney-client privilege will be deemed waived as to the matters raised in the Motion. If defendant decides not to abandon defendant's claims, the government may file its opposition to defendant's Motion by May 20, 2019. That opposition may include declarations by defendant's former counsel.

**IT IS SO ORDERED.**

Dated: April 9, 2019

HONORABLE SUSAN ILLSTON
United States District Judge

ORDER
CR 17-00104 SI-1