UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>BROWN,<br><br>    Defendant. | Case No. 17-cr-00104-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C 2255**<br><br>Re: Dkt. No. 68 |

On January 14, 2019, Ms. Brown filed a motion to vacate her sentence pursuant to 28 U.S.C. 2255. Dkt. No. 68 (Motion to Vacate). Having reviewed the papers, evidence, and arguments submitted by the parties, the Court finds it appropriate to decide the motion without an evidentiary hearing. The motion is DENIED.

**BACKGROUND**

In 1982, Ms. Brown was sentenced to 12 years in prison for armed bank robbery. Dkt. No. 51 at 13[1] (Pre-Sentence Report). In 1988, Ms. Brown was sentenced to 30 years in prison, again for armed robbery, and paroled in October 2015. *Id*. at 30-31. Months later, in April 2016, Ms. Brown committed the first of four additional bank robberies, culminating in her apprehension in August 2016 when she was about to commit a fifth armed robbery. *Id*. at 1.

For her 2016 activities, the grand jury charged Ms. Brown with (1) attempted bank robbery, (2) conspiracy to commit bank robbery, (3) using, carrying, or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and (4) being a felon in possession of a firearm. Dkt. No. 1. Ms. Brown faced a minimum sentence of 25 years on the § 924(c) charge alone. Dkt. No. 1; 18 U.S.C. § 924(c)(1)(C)(i).

---

[1] For ease of reference, page citations to the Pre-Sentence Report refer to the ECF assigned page number in the upper right hand corner of the document.

In May 2017, the government informed Ms. Brown's counsel, APD Ellen Leonida, that they were investigating other robberies potentially involving Ms. Brown and were unlikely to offer less than the 25 year mandatory minimum. Dkt. No. 88-1 ¶ 8 (Leonida Declaration). However, the government agreed not to charge Ms. Brown with the robberies under investigation if she accepted a plea agreement. *Id*. If charged, those robberies would have incurred additional violations of 18 U.S.C. § 924(c), dramatically increasing Ms. Brown's exposure. *Id*. Ms. Leonida met with Ms. Brown multiple times and discussed the applicable sentencing guidelines with her at length. *Id*. ¶ 9. After continued negotiations with the government, Ms. Leonida secured an offer to drop the § 924(c) charge and agree to a sentencing range of 240 to 360 months. *Id*. ¶ 10.

After the plea agreement was obtained, but before Ms. Brown agreed to it, Ms. Leonida met with Ms. Brown several times to review the agreement. *Id*. ¶ 11. The agreed upon 240-360 month range was much higher than the 121-151 month sentencing guidelines referred to in the plea agreement. But, as Ms. Leonida explained to Ms. Brown, this was because the government agreed to dismiss the count that carried a 25-year mandatory consecutive minimum. Dkt. No. 88-1 ¶ 11. Ms. Leonida further explained that if Ms. Brown rejected the plea deal, and she was convicted of the § 924(c) charge, she could ask for a variance from the guideline range, but could not get a sentence below the 25-year mandatory minimum. *Id*. During these meetings, Ms. Leonida walked Ms. Brown through the sentencing guideline calculations in the plea agreement as well as calculating sentencing guidelines for hypothetical trial outcomes. *Id*.

On September 1, 2017, Ms. Brown entered into the plea agreement with the government. Dkt. No. 39. In the plea agreement, Ms. Brown affirmed that she "had adequate time to discuss this case, the evidence, and the Agreement with [her] attorney and that [her] attorney provided [her] with all the legal advice [she] requested," and that her "decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter this Agreement." Dkt. No. 41 ¶¶ 19, 21. Pursuant to the plea agreement, Ms. Brown waived her right to appeal any part of her conviction, including under 28 U.S.C. § 2255. *Id*. ¶ 5. Ms. Brown only reserved the right to a direct appeal or collateral attack claiming ineffective assistance of counsel. Dkt. No. 41 ¶ 4.

During the September 1, 2017 plea hearing, Ms. Brown stated under oath (1) that she was

satisfied with her counsel's representation of her; (2) that she entered into the agreement voluntarily; (3) she understood that if the Court accepted the plea agreement, Ms. Brown would give up her right to appeal the conviction, from the judgement, from any orders the Court may have made and from any aspect of the sentence; and (4) she had discussed the contents of the plea agreement with her lawyer and agreed with its contents. Dkt. No. 88-2 at 4, 9-11 (Ex. A to Leonida Decl. – Transcript of Plea Hearing). Further, when asked by the Court: "And then because of the way this Plea Agreement is presented, as long as I sentence you to a sentence somewhere between 240 months and 360 months, as long as it's in there, you won't be able to change your mind about having pled guilty; do you understand that?", Ms. Brown replied, under oath, "Yes." *Id*. at 12.

On January 19, 2018, this Court held a sentencing hearing and sentenced Ms. Brown to 252 months in custody. Dkt. No. 58 (Minute Entry re Sentencing Hearing). On January 14, 2019, Ms. Brown filed the instant motion. Dkt. No. 68. Ms. Leonida declares that at no time during the January 19, 2018 hearing, or subsequent thereto, did Ms. Brown request to appeal her conviction. Dkt. No. 88-1, ¶ 13 (Leonida Decl.). Had Ms. Brown communicated such a desire, Ms. Leonida believes she would have noted the request in the file and sent a letter to Ms. Brown stating the pitfalls of such a decision – namely that Ms. Brown would breach her plea agreement, which the government could then withdraw, exposing Ms. Brown to a much longer sentence. *Id*. ¶ 18.

**LEGAL STANDARD**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released" who wishes to collaterally attack her sentence must file a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

To prevail on her ineffective assistance of counsel claim, Ms. Brown must establish two

3

things. First, she must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, she must establish that counsel's deficient performance prejudiced her, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id*. at 56, citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 (1970). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id*., citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

## DISCUSSION

### I. The Plea Agreement and Sentencing Exposure

Ms. Brown alleges she was coerced into pleading guilty and signing her plea agreement based on Ms. Leonida's allegedly inaccurate representations about Ms. Brown's sentencing exposure. The record indicates otherwise. When Ms. Brown was originally charged, she faced a mandatory *minimum* of 25 years (300 months) for just the § 924(c) violation, plus any additional sentences imposed for the remaining three counts. Dkt. No. 1; 18 U.S.C. § 924(c)(1)(C)(i) (2017). In May 2017, Ms. Leonida learned from the government that additional robberies were being investigated, and could potentially be added to Ms. Brown's charges; and multiple counts of § 924(c) violations within the same indictment stack could require mandatory minimum sentences to run consecutively. Dkt. No. 88 at 7. Therefore, if the government had charged Ms. Brown with additional counts of 18 U.S.C. § 924(c), Ms. Brown would have faced additional consecutive

4

mandatory minimum 25-year terms of imprisonment. Therefore, 240 to 300 months (20 years – 25 years) – the range included in the plea agreement – was reasonable. Indeed, if Ms. Brown had gone to trial, she could have faced at least 60 years imprisonment, if not a higher term, given the numerous potential § 924(c) charges the government discussed bringing if Brown did not resolve her case. Thus, Ms. Leonida correctly counseled Ms. Brown that a 240-300 month range was a positive result relative to other options.

Further, the record reflects Ms. Brown was provided with comprehensive information regarding potential sentencing scenarios. Ms. Brown claims she "had no knowledge of the applicable guidelines range or category" until after she signed the plea agreement and received her pre-sentence report. Dkt. No. 68 at 5 (Memorandum Brief In Support of Motion to Vacate). But Ms. Leonida states she met with Ms. Brown multiple times and discussed the sentencing guidelines at length. Dkt. No. 88-1, ¶ 9 (Leonida Decl.). Ms. Leonida also met with Ms. Brown to discuss and review the plea agreement – going through the sentencing guideline calculations as well as playing out hypothetical trial outcomes and corresponding sentence exposures. *Id*. ¶ 11. Further, Ms. Leonida specifically explained why the sentencing guidelines differed significantly from the agreed upon sentencing range – namely, that the government agreed to drop the § 924(c) charge. *Id*. Ms. Brown affirmed in the plea agreement, which she signed on September 1, 2017, that she discussed the agreement with her attorney, who had provided her with all legal advice requested, and that her decision to plead guilty was made voluntarily. Dkt. No. 41, ¶ 19, 21. Ms. Leonida also signed the Plea Agreement, affirming that in her opinion Ms. Brown understood the Agreement. *Id*. at ¶ 22.

During the plea colloquy, Ms. Brown made similar assurances to the Court under oath: assuring the Court that she had reviewed the agreement and read it prior to signing, discussed it with her attorney, understood it, and agreed with its contents. Dkt. No. 88-2 at 10-11 (Ex. A to Leonida Decl. – Transcript from Plea Hearing). Ms. Brown also stated she understood that when the Court accepted the plea agreement and sentenced her within the range of 240 to 360 months' imprisonment, she would not be able to withdraw her guilty plea. *Id*. at 12.

The Court finds that Ms. Brown waived her appellate and section 2255 claims, except the claim that her counsel was ineffective. Further, Ms. Leonida's performance was not deficient – Ms.

Leonida provided effective assistance of counsel to Ms. Brown regarding her decision to plead guilty. Indeed, it seems likely that Ms. Brown would have received a much higher sentence if not for Ms. Leonida's efforts.

## II. Ms. Brown's Alleged Request for An Appeal

Ms. Brown also argues Ms. Leonida provided ineffective assistance of counsel for (1) not filing an appeal and (2) failing to consult with Ms. Brown after sentencing regarding an appeal. Ms. Brown does not state when or how she communicated (1) that she wanted to appeal her sentence or (2) otherwise felt misled with respect to her sentence until she filed the instant motion. Further, Ms. Leonida states under oath that at no time during the January 19, 2018 hearing, or subsequent thereto, did Ms. Brown communicate a request to appeal her conviction to Ms. Leonida. Dkt. No. 88-1, ¶ 13 (Leonida Decl.). Had Ms. Brown communicated such a desire, Ms. Leonida believes she would have noted the request in the file and sent a letter to Ms. Brown stating the pitfalls of such a decision – namely that Ms. Brown would breach her plea agreement, which the government could then withdraw, exposing Ms. Brown to a much longer sentence. *Id.* ¶ 18.

Ms. Leonida's performance was not deficient.

## III. An Evidentiary Hearing is Not Necessary

§ 2255 provides that the Court need not hold an evidentiary hearing "if the allegations in the motion when viewed against the record, do not give rise to claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). To determine where a hearing is required, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Id.* at 1062, quoting *Schaflander*, 743 F.2d at 717; see also 28 U.S.C. § 2255(b) (court shall make findings of fact "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

Bald assertions of ineffective assistance of counsel do not entitle a petitioner to an evidentiary hearing. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (finding district court

did not abuse its discretion finding defendant's "bald assertions of ineffective assistance did not entitle him to an evidentiary hearing").

In the instant action, Ms. Brown's unsupported claim of ineffective assistance does not warrant an evidentiary hearing.

## CONCLUSION

For the reasons stated above, the motion to vacate is DENIED.

**IT IS SO ORDERED**.

Dated: July 10, 2019

_____
SUSAN ILLSTON
United States District Judge