UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BROWN,<br><br>　　　　　　Defendant. | Case No. 17-cr-00104-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 96 |

Before the Court is defendant Andre Mitchell Brown's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed December 24, 2020. Dkt. No. 96. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

On September 1, 2017, defendant pled guilty to four counts of armed bank robbery, one count of conspiracy to commit bank robbery, one count of attempted bank robbery, and one count of felon in possession of a firearm. Dkt. No. 41. On January 19, 2018, the Court sentenced defendant to 252 months imprisonment and recommended that the defendant participate in the Residential Drug Abuse Treatment Program ("RDAP") and GED classes while in the custody of the Bureau of Prisons ("BOP"). Dkt. No. 60. Defendant is 63 years old, currently incarcerated in Victorville FCI, and has a projected release date of April 23, 2038. Dkt. No. 96 at 1-2, 13. Defendant has served approximately 22% of her total sentence. Dkt. No. 100 at 19.

On December 24, 2020, defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 96. The government opposes defendant's motion. Dkt. No. 100.

On January 22, 2021, the Court held a telephonic conference on defendant's motion.

## LEGAL STANDARD

Defendant filed her motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant argues that her asthma, positive COVID-19 diagnosis on November 20, 2020, and minimal treatment from BOP are "extraordinary and compelling" reasons for compassionate release.[1] Dkt. No. 96 at 9-11. Defendant asserts that defendant has not been able to communicate

---

[1] The parties disagree about whether U.S. Sentencing Guidelines Manual § 1B1.13 applies to compassionate release motions brought by defendants. The policy statement sets forth circumstances that constitute "extraordinary and compelling reasons," and also provides that BOP may determine whether there are "other reasons" that are "extraordinary and compelling" that warrant compassionate release. U.S.S.G. § 1B1.13 at Application Notes. Defendant asserts that the First Step Act empowered district courts to independently determine whether reasons are "extraordinary and compelling," while the government argues that district courts are bound by the Sentencing Commission's explicit examples for release in U.S.S.G. § 1B1.13. Dkt. No. 96 at 5-6 (Def. Mot.); 100 at 5-8 (Gov. Opp.). District courts within the Ninth Circuit have split on this issue, and the Ninth Circuit has not yet addressed the question. Three circuit courts have ruled on the issue, and all three have held that the policy statement is not applicable to compassionate release motions brought by defendants. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Jones*, 2020 WL 6817488, __ F.3d __ (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 2020 WL 6813995, __ F.3d __ (7th Cir. Nov. 20, 2020). Because the Court is denying defendant's motion based upon the factors set forth in 18 U.S.C. § 3553(a), the Court need not resolve this dispute about what constitutes "extraordinary and compelling reasons" at this time.

with defense counsel since December 3, 2020. *Id*. at 9. Defendant argues that BOP is not providing hospitalization to treat defendant's "current [and] significant" COVID-19. *Id*. at 10. Moreover, defendant argues that the "treatment, mentoring, and education" she received while in custody are mitigating factors that support compassionate release. *Id*. at 13-14.

The government opposes defendant's motion. Dkt. No. 100. The government argues that, although defendant suffers from asthma, "it is not clear from [defendant's] records or from the CDC's standards that Defendant's asthma currently poses an increased risk of severe COVID-19." *Id*. at 11. The government asserts that BOP provided defendant with adequate treatment after defendant's positive COVID-19 diagnosis. *Id*. at 12. Moreover, the government argues that defendant's positive COVID-19 diagnosis does not warrant release because defendant recovered from her COVID-19 symptoms as of December 20, 2020. *Id*. Finally, the government asserts that, if released, defendant would be a danger to the community because of defendant's history of recidivism and armed bank robbery. *Id*. at 15-17.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted at this time. The Court is concerned about the spread of COVID-19 in federal prison and defendant's prior positive COVID-19 diagnosis. However, the record before the Court indicates that defendant has recovered from COVID-19. The Court is also concerned that defendant has not yet received RDAP treatment to address her drug addiction. Finally, defendant has a history of violent offenses and has only served approximately 22% of her sentence. Thus, the Court is concerned that defendant's current custodial sentence does not satisfy "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime," nor would it "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(C). Accordingly, the Court **DENIES** defendant's Motion for Compassionate Release, without prejudice to renewal should conditions significantly worsen.

**IT IS SO ORDERED**.

Dated: January 22, 2021

_____
SUSAN ILLSTON
United States District Judge

3